IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GARY LEON WEBSTER**                                                                                 **PETITIONER**

v.                                                     No. 4:24-cv-00384-BRW-JTK

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                         **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Billy Roy Wilson.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation.  If you do not file objections, Judge Wilson may adopt this Recommendation without independently reviewing the evidence in the record.  By not objecting, you may waive the right to appeal questions of fact.

*

Gary Leon Webster seeks *habeas* relief from at least one Craighead County Circuit Court judgment.[1]  *Doc. 2*.  Payne has moved to dismiss the petition based on untimeliness, *Doc. 7*, and Webster has responded, *Docs. 10, 11, 12*.  Webster has also filed a paper styled as s motion to issue writ.  *Doc. 13*.  The recommendation of the undersigned is that Payne's motion to dismiss be granted and that the petition be dismissed based on untimeliness.  28 U.S.C. § 2244(d)(1).

---

[1] "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."  Rule 2(e), Rules Governing § 2254 Cases in United States District Courts. The Advisory Committee Notes state that this rule permits an attack in a single petition on multiple judgments from the same court.

In November 2012, Webster pled guilty in two cases: (1) failure to register as a sex offender (16JCR-09-1262), and (2) failure to register as a sex offender and living near a school or daycare (16JCR-10-377). The Craighead County Circuit Court imposed a five-year suspended imposition of sentence (SIS) on each count. *Docs. 8-4 at 1 & 8-3 at 1*. In March 2017, Webster again pled guilty to failure to register as a sex offender, and he was sentenced to a six-year SIS (16JCR-17-7). *Doc. 8-2 at 1*.

In July 2017, Webster once again was charged with failure to register as a sex offender (16JCR-17-796). *Doc. 8-6*. The State filed a petition to revoke the suspended sentences in 16JCR-09-1262, 16JCR-10-377, and 16JCR-17-7. *Docs. 8-9, 8-8, 8-7*. Webster pled guilty in 16JCR-17-796, *Doc. 8-1 at 1*, and to violating the SIS conditions in 16JCR-09-1262, 16JCR-10-377, and 16JCR-17-7, *Docs. 8-4 at 3, 8-3 at 4, 8-2 at 3*. He was sentenced to five years' probation in 16JCR-17-796 and to a five-year SIS in each of the other cases.

In May 2018, Webster again was charged with failure to register as a sex offender. *State v. Webster*, No. 16JCR-18-506 (Craighead County Circuit Court May 4, 2018). In July 2018, he was charged as a habitual offender with failure to register as a sex offender and with living near a school or daycare (16JCR-18-857). *Doc. 8-10*. The May 2018 charge was *nolle prossed*. *State v. Webster*, No. 16JCR-18-506 (Craighead County Circuit Court Sept. 3, 2019). On the same day, the July 2018 charge for living near a school or day care was *nolle prossed*, and Webster was sentenced to a ten-year SIS for failure to register as a sex offender (16JCR-18-857). *Doc. 8-5*.

Also in July 2018, the State filed a petition to revoke probation in 16JCR-17-796 and to revoke the suspended sentences in 16JCR-09-1262, 16JCR-10-377, and 16JCR-17-7. *Docs. 8-6, 8-9, 8-8, 8-7*. The amended petition was filed on September 5, 2018. After a revocation hearing, the circuit court found Webster had not reported to his probation officer or paid court costs.

*Webster v. State*, 2019 Ark. App. 454, 588 S.W.3d 95.  Revoking Webster's probation in 16JCR-17-796 and his SIS in 16JCR-09-1262, 16JCR-10-377, and 16JCR-17-7, the circuit court sentenced him to concurrent terms of ten years' imprisonment.  Separate sentencing orders for each case were entered on September 7, 2018.  *Docs. 8-1 at 3, 8-4 at 5, 8-3 at 6, 8-2 at 5*.  The Arkansas Court of Appeals affirmed.[2]  *Webster*, 2019 Ark. App. 454, 588 S.W.3d 95.  Webster is currently serving his ten-year sentence at the Tucker Unit of the Arkansas Department of Corrections.  Arkansas Department of Corrections, *Inmate Search*, https://apps.ark.org/inmate_search.php (last visited Jan. 31, 2025).

On April 29, 2024, Webster filed the *habeas* petition challenging one or more judgments entered against him on September 7, 2018.  *Doc. 2*.  Out of caution, the undersigned considers Webster's negotiated guilty plea and ten-year suspended sentence entered in 16JCR-18-857 on September 3, 2019.  *Doc. 8-5*.

*

Webster raises four grounds for relief:  (1) a violation of his right to a jury trial; (2) his trial lawyer's "deceit . . ., aggression and injury," related to his court appearance in shackles; (3) prosecutorial misconduct based on false statements and his (Webster's) efforts to acquire the hearing transcript; and (4) ineffectiveness of counsel during plea negotiations.  He states that he is challenging the revocation judgment entered in 16JCR-17-7 on September 7, 2018.[3]  *Doc. 2 at 1*.  His arguments, however, appear to also challenge the revocation judgments in 16JCR-17-796, 16JCR-09-1262, and 16JCR-10-377.

---

[2] Webster incorrectly states that there was not a direct appeal from the judgments.
[3] Webster references and attaches to his federal petition a Craighead County Circuit Court order dismissing a petition for writ of *habeas corpus. Doc. 2 at 6, 7, 8, 9, 10, 16.*  He attached papers from 16JCR-18-857 and 16JCR-506 to the state court petition.  *Webster v. Joe Page, III,* No. 35CV-23-615 (Craighead County Circuit Court Aug. 21, 2023).

\*

On October 16, 2019, the Arkansas Court of Appeals affirmed the judgments in 16JCR-17-796, 16JCR-17-7, 16JCR-10-377, and 16JCR-09-1262. *Webster*, 2019 Ark. App. 454, 588 S.W.3d 95. Under state court rules, Webster had twenty-eight calendar days to file a petition for review in the Arkansas Supreme Court. Ark. Sup. Ct. R. 2-4(a) (2019); Ark. R. Sup. Ct. R. 2-3(a). Because Webster did not petition the Arkansas Supreme Court for review, the judgment was final when the twenty-eight day period expired on November 13, 2019. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The one-year *habeas* limitations period therefore began running on November 14, 2019. 28 U.S.C. § 2244(d)(1)(A). *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period). Because November 14, 2020, was a Saturday, the limitations period expired on Monday, November 16, 2020, absent any statutory tolling periods.

The limitations period is tolled when a properly filed application for "State post-conviction or other collateral review" of the judgment is pending. 28 U.S.C. § 2244(d)(2). Webster did not seek post-conviction relief pursuant Rule 37 of the Arkansas Rules of Civil Procedure. On April 14, 2020, he filed a state *habeas* petition seeking relief from the judgments in 16JCR-17-796, 16JCR-17-7, 16JCR-10-377, and 16JCR-09-1262. *Webster v. State of Arkansas*, No. 35CV-20-318 (Craighead County Circuit Court Apr.14, 2020). The petition was dismissed on May 27, 2020. *Id*. (May 27, 2020). Webster continued to file *habeas* petitions in the Craighead County Circuit Court in 35CV-21-151 (filed March 17, 2021), 35CV-22-850 (filed October 31, 2022), and 35CV-23-615 (filed August 14, 2023). Because these petitions were filed after the *habeas* limitations period had expired, they had no effect on the limitations period. *Jackson v. Ault*, 452 F.3d 734, 735–36 (8th Cir. 2006).

4

Assuming the state *habeas* petition filed in 35CV-20-318 tolled the limitations period under § 2244(d)(2), the tolling period was the 43 days that the state petition was pending. The limitations period for 16JCR-17-796, 16JCR-17-7, 16JCR-10-377, and 16JCR-09-1262 therefore expired on December 29, 2020.

*

Webster's negotiated guilty plea and ten-year SIS was entered in 16JCR-18-857 on September 3, 2019. Because there was no direct appeal, the judgment became final after thirty days on October 3, 2019. Ark. R. App. P.—Crim. 2(a). *See Camacho v. Hobbs,* 774 F.3d 931, 935 (8th Cir. 2015). The one-year *habeas* limitation period expired on October 4, 2020. 28 U.S.C. § 2244(d)(1). Because Webster did not seek collateral review of 16JCR-18-857 before the limitations period expired, the period was not tolled.

*

The *habeas* limitations period is subject to equitable tolling if the petitioner can satisfy two conditions: (1) the petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 645, 649 (2010) (quotations omitted). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt,* 521 F.3d 942, 945 (8th Cir. 2008) (quotations omitted). The petitioner bears the burden of demonstrating grounds warranting equitable tolling. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris,* 390 F.3d 595, 598 (8th Cir. 2004).

Webster argues that he is not at fault for filing an untimely *habeas* petition because of "repeated denial of counsel, legal disability, physical and emotional distress, fear of mistake in filing when there is a one-time opportunity." *Doc. 2 at 12*. He also states that he has been waiting on the transcript, and he refers to "excusable neglect and mistake of a layman." *Doc. 2 at 13*. On this record, the undersigned concludes Webster has not demonstrated that he has pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing the *habeas* petition. *Holland*, 560 U.S. at 645.

The undersigned further notes that Webster is recognized by the Eastern District of Arkansas as an inmate with three strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See, e.g., Webster v. Withers*, No. 3:22-cv-209-DPM, 2022 WL 3352293 (E.D. Ark. Aug. 12, 2022). In June 2022, the Honorable Lee P. Rudofsky labeled Webster a "serial vexatious litigant" and recognized that, between June 2019 and June 2022, he (Webster) had filed over eighty *pro se* § 1983 cases in the Eastern District of Arkansas. *Webster v. Lewis*, No. 3:22-cv-52-LPR, 2022 WL 1997264, *3 (E.D. Ark. June 6, 2022). Twenty of these cases were dismissed on grounds qualifying for designating Webster as a three-striker. *Id.* While the three-strike rule does not apply to *habeas* petitions filed under 28 U.S.C. § 2254, Webster's prolific filing in civil cases is additional evidence that there were no extraordinary circumstances preventing him from filing a timely federal *habeas* petition.

*

For the reasons stated herein, the undersigned concludes that (1) the one-year limitations period for filing a claim based on 16JCR-17-796, 16JCR-17-7, 16JCR-10-377, and 16JCR-09-1262 expired on December 29, 2020; and (2) the limitation period for filing a claim based on

16JCR-18-857 expired on October 4, 2020. Because Webster filed his *habeas* petition, *Doc. 2*, on April 29, 2024, the undersigned concludes that the petition is time-barred.

*

IT IS THEREFORE RECOMMENDED THAT: (1) Payne's Motion To Dismiss be GRANTED, *Doc. 7*; (2) this case be DISMISSED with prejudice; (3) Webster's Motion For Extension Of Time and Motion To Issue Writ be DENIED as moot, *Docs. 9 & 13*; and (4) a certificate of appealability be DENIED.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

2/4/2025
DATE